**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| INFOTEK CORPORATION | * | |
| Plaintiff, | * | |
| v. | * | Civil No.: CCB-18-1386 |
| DWAYNE PRESTON, | * | |
| | * | |
| Defendant | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

**MEMORANDUM OPINION**

The above-referenced case was referred to the undersigned for all discovery and related scheduling on September 26, 2019.  (ECF No. 27).  Currently pending are plaintiff's Motion to Temporarily Stay Proceedings ("Motion") (ECF No. 68) and defendant's Opposition to Plaintiff's Motion to Stay Proceedings ("Opposition") (ECF No. 69).  No hearing is deemed necessary.  Loc. R. 105.6.  For the reasons discussed herein, plaintiff's Motion to Temporarily Stay Proceedings (ECF No. 68) is DENIED.

**I.      BACKGROUND**

On May 14, 2018 plaintiff Infotek Corporation ("plaintiff" or "Infotek") filed suit in this court against defendant Dwayne Preston ("defendant") on the basis of federal question jurisdiction and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367.  (Compl., ECF No. 1 at ¶ 1).  Plaintiff claims that defendant illegally accessed plaintiff's timesheet software program in violation of numerous federal and state statutes.  (See id.)  Plaintiff alleges economic injuries resulting from this incident and seeks damages in an amount greater than $75,000.00.  (See id.)

Relatedly, on February 25, 2021 an unsealed indictment was returned in this court against Jacky McComber, plaintiff's sole owner.   (ECF No. 68-6).   The indictment alleged, among other violations, that Ms. McComber submitted false claims to the government in violation of the False Claims Act.[1]   (Id.)   In the criminal case, a three-week jury trial is scheduled to begin on April 4, 2022.   (ECF No. 68-7).   Approximately six months following Ms. McComber's indictment, the pending Motion and Opposition were filed.

## II.    LEGAL STANDARD

The court's power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.   How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."   Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936).   A stay of civil proceedings is most appropriate when a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter.   Avalonbay Cmtys., Inc. v. San Jose Water Conservation Corp., Civil No. 07-306, 2007 WL 2481291, at *3 (E.D. Va. 2007) (citing Sec. & Exch. Comm'n v. Dresser Indus. Inc., 628 F.2d 1368, 1375-76 (D.C. Cir. 1980)).   In situations involving parallel civil and criminal proceedings, "[t]he noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination. . . ."   Sec. & Exch. Comm'n, 628 F.2d at 1376.   The Constitution, however, "does not mandate the stay of civil proceedings in the face of criminal proceedings."   Maryland v. Universal Elections, Inc., 729 F.3d 370, 379 (4th Cir. 2013) (quoting

---

[1] Plaintiff claims that Ms. McComber's indictment was prompted by defendant's alleged illegal hacking into plaintiff's computer systems and defendant's simultaneous filing of a whistleblower claim against plaintiff.   (ECF No. 68-2 at 1-2).

Ashworth v. Albers Med., Inc., 229 F.R.D. 527, 530 (S.D.W. Va. 2005)).  "Rather, it is within the court's discretion whether to stay civil cases on this basis."  In re Phillips, Beckwith & Hall, 896 F.Supp. 553, 557-58 (E.D. Va. 1995).  While courts should attempt to accommodate a litigant's Fifth Amendment concerns, "a stay is improper if the opposing party demonstrates that it will result in genuine, substantial prejudice to its interests."  Id. at 558.

## III.  DISCUSSION

Plaintiff moves for a temporary stay of this civil case until the conclusion of Ms. McComber's federal criminal trial in April 2022, arguing that "forcing Ms. McComber to litigate both cases simultaneously will effectively prevent her from litigating either adequately and will force her to choose between sacrificing her Fifth Amendment privilege against self-incrimination or her and Infotek's right to sufficiently litigate the civil claims."  (ECF No. 68-2 at 2).  Defendant opposes plaintiff's Motion, arguing that plaintiff has improperly used this civil matter for discovery in the criminal case while plaintiff and Ms. McComber have avoided providing "any substantial discovery to Defendant for over three years."  (ECF No. 69 at 5).

As a threshold matter, the parties dispute the legal standard applicable in this case.  Plaintiff argues that the court should apply a six-factor test to include (1) the extent to which the issues in the criminal and civil cases overlap, (2) the status of the criminal proceedings, including whether any defendants have been indicted, (3) plaintiff's interests in expeditious civil proceedings weighed against the prejudice to plaintiff caused by delay, (4) the burden on defendant, (5) the interests of the court, and (6) the public interest.  (ECF No. 68-2 at 6-7).  Defendant, however, contends that the court should engage in a balancing-of-interests approach that considers both plaintiff's asserted protection against self-incrimination and defendant's right to equitable treatment.  (ECF No. 69 at 3-4).

When reviewing a motion to stay, courts have applied different tests depending on the circumstances of the case.  For example, when reviewing a motion to stay filed by a defendant in parallel civil and criminal proceedings, this district considered five factors: "(1) the interest of the plaintiff in proceeding expeditiously with the civil action as balanced against the prejudice to the plaintiffs [caused by] delay; (2) the burden on defendants; (3) the convenience to the courts; (4) the interest of persons not parties to the civil litigation; and (5) the public interest."  In re Mid-Atlantic Toyota Antitrust Litig., 92 F.R.D. 358, 359 (D. Md. 1981).  When reviewing a motion to stay filed by the government who was an intervenor in the civil case and who initiated criminal charges against the defendants in the civil case, this district considered six factors, including factors one, two, three, and five as set forth above in addition to (1) the extent to which the issues in the criminal case overlap with those in the civil case and (2) the status of the criminal case including whether the defendants have been indicted. See In re Royal Ahold N.V. Secs. & ERISA Litig., 220 F.R.D. 246, 253 (D. Md. 2004) (citations omitted).  Other courts have applied a more general balancing approach.  For example, when reviewing a motion for a protective order staying discovery filed by a party who was the plaintiff in a civil proceeding and the defendant in a related criminal proceeding, the Court of Appeals for the Fifth Circuit "measured the relative weights of the parties' competing interests with a view toward accommodating those interests" and considered the rights of both parties before deciding whose rights predominate.  Wehling v. Columbia Broad. Sys., 608 F.2d 1084, 1088 (5th Cir. 1979).  Despite the inconsistent application by courts of the various factors and tests described above, however, the extent to which they may differ is immaterial here because they follow essentially the same approach of balancing competing interests to determine whether the movant's interest in a stay is outweighed by the prejudice faced

by the non-moving party.  See Landis, 299 U.S. at 254-55.[2]  The undersigned, therefore, concludes

that the aim of the six-factor inquiry proposed by plaintiff and the balancing approach proposed

by defendant may be achieved by weighing the competing interests among the parties, the court,

and the public.  See Landis, 299 U.S. at 254-55; see also Wehling, 608 F.2d at 1088; In re Royal

Ahold, 220 F.R.D. at 253.

      Plaintiff argues that it would be prejudiced by a failure to stay because Ms. McComber,

plaintiff's sole owner who is under indictment in the related criminal proceeding, would be forced

to choose between (1) waiving her Fifth Amendment privilege during deposition, testifying, and

risking that her testimony be used against her as evidence in the related criminal trial, and (2)

invoking her Fifth Amendment right against self-incrimination during deposition despite the risk

that defendant may request a penalty be asserted against plaintiff at trial, either in the form of a

negative inference or a request to prevent Ms. McComber from testifying at trial.  (ECF No. 68-2

at 9-10).  Defendant, however, contends that plaintiff has engaged in improper discovery tactics

by waiting approximately six months following the February 2021 indictment to file the pending

Motion and continuing to subject defendant to discovery during that period while avoiding a

deposition of Ms. McComber.  (ECF No. 69 at 6-7).  Defendant further notes that it has been

"significantly burdened by the stagnation of this lawsuit" and that he "has battled in vain for over

three years to obtain even a modicum of material information from Plaintiff, all the while incurring

substantial legal fees."  (ECF No. 9-10).

---

[2] Additionally, the facts in this case are different than those in previous cases involving the court's
review of a motion to stay.  Unlike the other cases discussed above, plaintiff in this case, Infotek,
is not the defendant under indictment in the related criminal case.  (ECF No. 69 at 6).  As plaintiff
acknowledges, however, Ms. McComber is plaintiff's "sole owner" and for all intents and
purposes is the face and voice of the corporation.  (ECF No. 68-2 at 1).

The undersigned agrees that plaintiff has engaged in dilatory tactics. As defendant notes, plaintiff has known about the existence of a related criminal investigation into Ms. McComber's alleged false claims as early as October 3, 2017—approximately seven months before plaintiff filed the complaint in this case—when Ms. McComber was interviewed by investigators from the National Security Agency Office of the Inspector General. (ECF No. 68-6 at 8). Further, Ms. McComber's unsealed indictment was returned on February 25, 2021. (ECF No. 68-6 at 10). At no time prior to the filing of its Motion on August 19, 2021, however, did plaintiff bring Ms. McComber's criminal proceeding to the court's attention or raise any argument pertaining to its concern about Ms. McComber invoking her Fifth Amendment privilege during deposition. Additionally, the undersigned approved three separate requests for extensions of the discovery deadline and other relevant deadlines following the return of Ms. McComber's indictment on February 25, 2021. (ECF nos. 53, 62, 66). During this time, however, plaintiff never advised the court of Ms. McComber's indictment.[3] In total, the court has granted ten requests to amend the Scheduling Order even though those requests were often made on or after the deadline for discovery had already passed.[4] (ECF Nos. 15, 20, 23, 32, 43, 46, 49, 54, 64, 67). Defendant, meanwhile, has continued to incur legal fees while remaining in civil litigation limbo for more than three years. A stay of at least seven months while Ms. McComber awaits the outcome of her criminal trial in April 2022, therefore, would further prejudice defendant. Accordingly, based on

---

[3] Plaintiff argues that Ms. McComber's criminal proceeding is sufficiently advanced to warrant a temporary stay of the civil action. (ECF No. 68-2 at 8). As defendant notes, however, plaintiff's decision to wait approximately six months after Ms. McComber's indictment to move for a stay renders its request untimely. See In re Anderson, 349 B.R. 448, 459-60 (E.D. Va. 2006) (denying a motion to stay civil proceedings pending the outcome of a related criminal case when the movant waited almost one year after his indictment to file the motion to stay).

[4] The undersigned further notes that a tenth extension of the relevant deadlines was granted to accommodate plaintiff's unforeseen circumstances despite previously noting that the ninth extension on May 12, 2021 would be the last. (ECF Nos. 64, 67).

a balancing of the parties' competing interests and, in particular, the prejudice defendant is likely to face as a result of further delay, the undersigned concludes that a stay of this case is improper. See Landis, 299 U.S. at 254-55; Wehling, 608 F.2d at 1088; In re Phillips, 896 F. Supp. at 558.

Plaintiff further argues that a stay of this civil case would serve the court's interest in judicial economy and the public's interest in efficient administration of justice. (ECF No. 68-2 at 10). Specifically, plaintiff contends that because this civil case and Ms. McComber's criminal case involve many of the same facts, issues, claims, and defenses, "the criminal case could resolve or at least streamline some of those issues." (Id.) Defendant, however, argues that a delay of civil proceedings until at least April 2022 would be "an affront to the public's interest" given that this case has already lingered for over three years. (ECF No. 69 at 10). Defendant also notes that he has tried but failed during that time to obtain even a modicum of material information from plaintiff including a deposition of Ms. McComber. (ECF No. 69 at 2-3, 10). The undersigned agrees that a stay halting this case for at least another seven months until the conclusion of Ms. McComber's criminal trial in April 2022 would not serve the interests of the court and the public. As discussed above, plaintiff failed to timely advise the court of Ms. McComber's indictment. The court has also already granted ten extensions of the discovery deadline and other deadlines. (ECF Nos. 15, 20, 23, 32, 43, 46, 49, 54, 64, 67). In addition, specifically on December 16, 2019 the court directed plaintiff to provide a date certain to defendant for the deposition of Ms. McComber. (ECF No. 40). Since that time, however, plaintiff has failed to do so. The time has long since passed for the defendant to depose Ms. McComber so as to discover information regarding plaintiff's allegations against him. Accordingly, the undersigned concludes that a stay would not serve the court's interest in judicial economy or the public's interest in efficient administration of justice.

**IV.**     <u>**CONCLUSION**</u>

For the foregoing reasons, plaintiff's Motion to Temporarily Stay Proceedings (ECF No. 68) is DENIED.  A separate order will be issued.

October 4, 2021                                          _____/s/_____

                                                                      Beth P. Gesner
                                                                      Chief United States Magistrate Judge